UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

DANIEL RICHIEZ, on behalf of himself and all others similarly situated who were employed by Tryax Realty Management, Inc., 1027 Wallco L.L.C., Walton Avenue Associates L.L.C., 47 Featherco, L.L.C., 54 Featherco, Inc., 116 Westco L.L.C., Kensington Associates L.L.C., Bradhurst Associates , L.L.C., 267 Edgeco, L.L.C., 277 Eastco L.L.C., 315 Eastco L.L.C., 390 Eastco, L.L.C., 1506 Wallco L.L.C., 1530 Plimpco L.L.C., 1540 Wallco, Inc., 1629 Wallco, L.L.C., 1630 Underco, Inc.,  1649 Nelsco, L.L.C., 1683 Unico, L.L.C., 1720 Unico Inc., 1733 Unico, L.L.C., 2304 Grandco, L.L.C., 2305 Grandco, L.L.C., 2375 Merico, L.L.C., Sedgwick Avenue Realty Associates L.L.C., 3580 Netherco L.L.C., 3590 Netherco L.L.C., Matthew Schmelzer, Miguel Leon and Cesar Maldonado,

Case No.:

**Class and Collective Action Complaint**

Jury Trial Demanded

Plaintiffs,

- against -

TRYAX REALTY MANAGEMENT, INC., 1027 WALLCO L.L.C., WALTON AVENUE ASSOCIATES L.L.C., 47 FEATHERCO, L.L.C., 54 FEATHERCO, INC., 116 WESTCO L.L.C., KENSINGTON ASSOCIATES L.L.C., BRADHURST ASSOCIATES , L.L.C., 267 EDGECO, L.L.C., 277 EASTCO L.L.C., 315 EASTCO L.L.C., 390 EASTCO, L.L.C., 1506 WALLCO L.L.C., 1530 PLIMPCO L.L.C., 1540 WALLCO, INC., 1629 WALLCO, L.L.C., 1630 UNDERCO, INC.,  1649 NELSCO, L.L.C., 1683 UNICO, L.L.C., 1720 UNICO INC., 1733 UNICO, L.L.C., 2304 GRANDCO, L.L.C., 2305 GRANDCO, L.L.C., 2375 MERICO, L.L.C., SEDGWICK AVENUE REALTY ASSOCIATES L.L.C., 3580 NETHERCO L.L.C., 3590 NETHERCO L.L.C., MATHEW SCHMELZER, MIGUEL LEON, and CESAR MALDONADO,

Defendants.

-----------------------------------------------------------------------X

1

## CLASS ACTION COMPLAINT

Plaintiff Daniel Richiez ("Richiez" or "Named Plaintiff"), individually and on behalf of the putative collective and class (collectively, "Plaintiffs"), by and through his attorneys, Arenson, Dittmar & Karban, as and for his Complaint against Tryax Realty Management, Inc. ("Tryax"), 1027 Wallco L.L.C. ("1027 Wallco"), Walton Avenue Associates, L.L.C. ("Walton"), 47 Featherco, L.L.C. ("47 Featherco"), 54 Featherco, Inc. ("54 Featherco"), 116 Westco L.L.C. ("116 Westco"), Kensington Associates L.L.C. ("Kensington Associates"), Bradhurst Associates, L.L.C. ("Bradhurst Associates"),  267 Edgeco, L.L.C. ("267 Edgeco"), 277 Eastco, L.L.C. ("277 Eastco"), 315 Eastco L.L.C. ("315 Eastco"), 390 Eastco, L.L.C. ("390 Eastco"), 1506 Wallco L.L.C. ("1506 Wallco"), 1530 Plimpco L.L.C. (1530 Plimpco"), 1540 Wallco, Inc. ("1540 Wallco"), 1629 Wallco, L.L.C. ("1629 Wallco"), 1630 Underco, Inc. ("1630 Underco"),  1649 Nelsco, L.L.C. ("1649 Nelsco"), 1683 Unico, L.L.C. ("1683 Unico"), 1720 Unico Inc. ("1720 Unico"), 1733 Unico, L.L.C. ("1733 Unico"), 2304 Grandco, L.L.C. ("2304 Grandco"), 2305 Grandco, L.L.C. ("2305 Grandco"), 2375 Merico L.L.C. ("2375 Merico"), Sedgwick Avenue Realty Associates L.L.C. ("Sedgwick"), 3580 Netherco L.L.C. ("3580 Netherco"), 3590 Netherco L.L.C. ("3590 Neatherco") (the "Corporate Defendants"), Matthew Schmelzer ("Schmelzer"),  Miguel Leon ("Leon") and Cesar Maldonado ("Maldonado")(the "Individual Defendants"), (collectively, "Defendants"), upon personal knowledge as to himself and upon information and belief:

## NATURE OF THE ACTION

1. This action arises out of Defendants' failure to pay Plaintiffs promptly and on a weekly basis, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law, N.Y. Lab. Law §§190 *et al.,* § 650, *et al.* ("NYLL").

2

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337, and supplemental jurisdiction of Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

3. The Court is empowered to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## PARTIES

5. Plaintiff Richiez is and was, at all relevant times, an adult individual residing in Bronx, New York.

6. At all relevant times, Richiez was and continues to be a building superintendent ("super") at 1027 Walton Avenue, Bronx, New York 10452, one of the apartment buildings owned and managed by the Defendants.

7. Defendant Tryax is a real estate management company that manages apartment buildings. Tryax is incorporated in the State of New York. Tryax's headquarters are located at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021. Tryax has an office at 1476 Walton Avenue, Bronx, NY 10452.

8. Defendant 1027 Wallco is a business incorporated in the State of New York, with its principalplace of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021. Defendant Schmelzer is a managing member of Defendant Wallco.

9. Defendant Walton is a business incorporated in the State of New York, with its principal

place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York, 11021.

10. Defendant 47 Featherco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

11. Upon information and belief, Defendant 47 Featherco owns, in whole or in part, building(s) located at 47 Featherbed Lane, Bronx, NY 10452.

12. Defendant 54 Featherco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

13. Upon information and belief, Defendant 54 Featherco owns, in whole or in part, building(s) located at 54 Featherbed Lane, Bronx, NY 10452.

14. Defendant 116 Westco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

15. Upon information and belief, Defendant 116 Westco owns, in whole or in part, building(s) located at 116 West 176th Street, Bronx, NY 10453.

16. Defendant Kensington Associates is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

17. Upon information and belief, Defendant Kensington Associates owns, in whole or in part, building(s) located at 141-153 West 139th Street, NY, NY 10030.

18. Defendant Bradhurst Associates is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

19. Upon information and belief, Defendant Bradhurst Associates owns, in whole or in part, building(s) located at 192 Bradhurst Avenue, NY, NY 10039; 196 Bradhurst Avenue, NY, NY 10039; and 200 Bradhurst Avenue, NY, NY 10039.

20. Defendant 267 Edgeco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

21. Upon information and belief, Defendant 267 Edgeco owns, in whole or in part, building(s) located at 267 Edgecombe Avenue, NY, NY 10031.

22. Defendant 277 Eastco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

23. Upon information and belief, Defendant 277 Eastco owns, in whole or in part, building(s) located at 277 East 207th Street, Bronx, NY 10467.

24. Defendant 315 Eastco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

25. Upon information and belief, Defendant 315 Eastco owns, in whole or in part, building(s) located at 315 East 167th Street, Bronx, NY 10456.

26. Defendant 390 Eastco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

27. Upon information and belief, Defendant 390 Eastco owns, in whole or in part, building(s) located at 390 East 153rd Street, Bronx, NY 10455.

28. Defendant Walton Avenue Associates is a business incorporated in the State of New

York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

29. Defendant 1027 Wallco owns, in whole or in part, building(s) located at 1027 Walton Avenue, Bronx, NY 10452.

30. Upon information and belief, Defendant Walton Avenue Associates owns, in whole or in part, building(s) located at 1454 Walton Avenue, Bronx, NY 10452; 1475 Walton Avenue, Bronx, NY 10452; and 1478 Walton Avenue, Bronx, NY 10452.

31. Defendant 1506 Wallco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

32. Upon information and belief, Defendant 1506 Wallco owns, in whole or in part, building(s) located at 1506 Walton Avenue, Bronx, NY 10452.

33. Defendant 1530 Plimpco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

34. Upon information and belief, Defendant 1530 Plimpco owns, in whole or in part, building(s) located at 1530 Plimpton Avenue, Bronx, NY 10452.

35. Defendant 1540 Wallco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

36. Upon information and belief, Defendant 1540 Wallco owns, in whole or in part, building(s) located at 1540 Walton Avenue, Bronx, NY 10452 and 1542 Walton Avenue, Bronx, NY 10452.

37. Defendant 1629 Wallco is a business incorporated in the State of New York, with its

principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

38. Upon information and belief, Defendant 1629 Wallco owns, in whole or in part, building(s) located at 1629-31 Walton Avenue, Bronx, NY 10452.

39. Defendant 1630 Underco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

40. Upon information and belief, Defendant 1630 Underco owns, in whole or in part, building(s) located at 1630 Undercliff Avenue, Bronx, NY 10453.

41. Defendant 1649 Nelsco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

42. Upon information and belief, Defendant 1649 Nelsco owns, in whole or in part, building(s) located at 1649-51 Nelson Avenue, Bronx, NY 10453.

43. Defendant 1683 Unico is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

44. Upon information and belief, Defendant 1683 Unico owns, in whole or in part, building(s) located at 1683-85 University Avenue, Bronx, NY 10453.

45. Defendant 1720 Unico is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021. .

46. Upon information and belief, Defendant 1720 Unico owns, in whole or in part, building(s) located at 1720 University Avenue, Bronx, NY 10453.

47. Defendant 1733 Unico is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

48. Upon information and belief, Defendant 1733 Unico owns, in whole or in part, building(s) located at 1733 University Avenue, Bronx, NY 10453.

49. Defendant 2304 Grandco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

50. Upon information and belief, Defendant 2304 Grandco owns, in whole or in part, building(s) located at 2304 Grand Avenue, Bronx, NY 10468.

51. Defendant 2305 Grandco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

52. Upon information and belief, Defendant 2305 Grandco owns, in whole or in part, building(s) located at 2305 Grand Avenue, Bronx, NY 10468.

53. Defendant 2375 Merico is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

54. Upon information and belief, Defendant 2375 Merico owns, in whole or in part, building(s) located at 2375 Marion Avenue, Bronx, NY 10458.

55. Defendant Sedgwick Avenue Realty Associates is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

56. Upon information and belief, Defendant Sedgwick Avenue Realty Associates owns, in

whole or in part, building(s) located at 2719 Sedgwick Avenue, Bronx, NY 10468; 2735 Sedgwick Avenue, Bronx, NY 10468; 2741 Sedgwick Avenue, Bronx, NY 10468 and 2748 Sedgwick Avenue, Bronx, NY 10468.

57. Defendant 3580 Netherco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

58. Upon information and belief, Defendant Netherco owns, in whole or in part, building(s) located at 3580 Netherland Avenue, Bronx, NY 10463.

59. Defendant 3590 Netherco is a business incorporated in the State of New York, with its principal place of business at 60 Cutter Mill Road, Suite 208, Great Neck, New York 11021.

60. Upon information and belief, Defendant Netherco owns, in whole or in part, building(s) located at 3590 Netherland Avenue, Bronx, NY 10463.

61. Defendant Schmelzer is a member of all or some of the limited liability companies which own the above-listed buildings.

62. Upon information and belief, Defendant Schmelzer has an ownership interest in all or some of the above-listed buildings.

63. Upon information and belief, Defendant Schmelzer has an ownership interest in all of the limited liability companies and/or entities which own the above-listed buildings.

64. Defendants Tryax, Wallco, and Walton share the same New York State Department of State process address, 60 Cutter Mill Road, Suite 208, Great Neck, New York, 11021.

65. Upon information and belief, the limited liability companies and/or corporations which own the above-listed buildings share the same New York State Department of State process address, 60 Cutter Mill Road, Suite 208, Great Neck, New York, 11021.

9

66. Tryax manages the real estate assets of Defendant 1027 Wallco by providing management services, including accounting, budgeting and maintenance services.

67. Tryax manages the real estate assets of Defendant Walton, by providing management services, including accounting, budgeting and maintenance services.

68. Tryax manages the real estate assets of the limited liability companies and/or corporations named in this case, which own, in whole or part, the above-listed buildings, by providing management services, including accounting, budgeting and maintenance services.

69. Tryax employs the supers, porters, maintenance staff and/or other employees whose work involved and/or involves 25% or more of physical labor, including, without limitation, maintaining the upkeep of Defendants' residential buildings, including building maintenance, cleaning, sweeping, mopping common areas, handling garbage and recycling collection, and other non-managerial maintenance-related work.

70. Tryax, either directly or through its agents, has directed and controlled the work of the supers, porters, maintenance staff and/or other employees whose work involved and/or involves 25% or more of physical labor, including, without limitation, maintaining the upkeep of Defendants' residential buildings, including building maintenance, cleaning, sweeping, mopping common areas, handling garbage and recycling collection, and other non-managerial maintenance-related work.

71. Tryax maintains a central office at 1476 Walton Avenue from which it directs and controls the work of the supers, porters, maintenance staff and/or other employees whose work involved and/or involves 25% or more of physical labor, by, without

limitation, ordering materials these employees need for repairs, directing and managing renovation and maintenance in the various buildings, distributing paychecks to the employees at the various buildings and addressing issues concerning the employees' work schedules at the various buildings.

72. Upon information and belief, the Corporate Defendants have had a gross sales or business revenue in excess of $500,000 annually.

73. Upon information and belief, the Corporate Defendants are engaged in interstate commerce.

74. Upon information and belief, Defendant Schmelzer is a resident of the State of New York and at all relevant times was and is an officer, director and/or owner of Corporate Defendants.

75. Defendant Schmelzer has the authority to hire and fire employees at Tryax, Wallco Walton and the other Corporate Defendants.

76. Defendant Schmelzer has hired employees at Tryax.

77. Defendant Schmelzer has determined and continues to determine the pay of some or all of the employees of Tryax.

78. Defendant Schmelzer makes decisions about the work of the supers, porters, maintenance staff and/or other employees whose work involves 25% or more of physical labor, either directly or through agents.

79. By way of example only, Defendant Schmelzer made the decision not to hire a porter to assist Plaintiff Richiez after the previous porter stopped working at Tryax.

80. The Tryax employees who serve as the direct managers of the supers, porters and other maintenance staff report directly to Defendant Schmelzer.

81. Upon information and belief, Defendant Leon is a resident of the State of New York and

at all relevant times was the Director of Administration for Tryax.

82. Defendant Leon exercised managerial authority over Plaintiffs.

83. Defendant Leon reported to Defendant Schmelzer.

84. Upon information and belief, Defendant Maldonado is a resident of the State of New York and was a senior manager at Tryax.

85. Defendant Maldonado exercised managerial authority over Plaintiffs.

86. Defendant Maldonado reported, and continues to report, to Defendant Schmelzer.

87. Upon information and belief, the Corporate Defendants operated together as a "single integrated enterprise" with a common business purpose, utilizing the same business practices, policies, administrative office, New York State Department of State process address, and employees.

88. The Corporate Defendants have maintained a single and common policy of paying all its employees whose work involves or involved 25% or more of physical labor on a bi-weekly basis.

89. The bi-weekly checks issued to Plaintiff Richiez bear the name "Tryax Realty Management." Copies of checks issued by Tryax to Plaintiff Richiez for the pay periods of 9-3-22 through 9-16-22; 1-7-23 through 1-20-23; and 9-16-23 through 9-29-23 are attached hereto as **Exhibit A.**

90. Upon information and belief, the bi-weekly checks issued to all the supers, porters, maintenance staff and/or other employees whose work involves 25% or more of physical labor bear the name "Tryax Realty Management."

91. Upon information and belief, the Individual Defendants made the decisions for the Corporate Defendants, including decisions regarding the timing, rate and method of employee pay, hiring, firing, work assignment and schedules, maintaining employment

12

records, and all other administrative and company policy matters.

92. Upon information and belief, the Individual Defendants managed, supervised, and directed, and continue to manage, supervise and direct, the business and operations of the Corporate Defendants, either directly or through agents.

93. Upon information and belief, at all relevant times, Defendants acted as Plaintiffs' employers within the meaning contemplated by 29 U.S.C. § 203(d) and N.Y. Lab. Law § 651(6).

94. Upon information and belief, at all relevant times, Plaintiffs were employees of Defendants within the meaning contemplated by 29 U.S.C. § 203(e) and N.Y. Lab. Law § 651(5).

95. Upon information and belief, at all relevant times, the activities of the Corporate Defendants constituted "enterprises" within the meanings contemplated by 29 U.S.C. §§ 203(r), (s).

96. Upon information and belief, the Corporate Defendants are "enterprise[s] engaged in commerce" within the meaning contemplated by 29 U.S.C. §§ 201 et seq. and the cases interpreting it.

97. Any Plaintiffs whose claims under the New York Labor Law expired between March 20, 2020, up to and including November 3, 2020, receive the benefit of the tolling of the time limit to commence, file, or serve any legal action, notice, motion, or other process or proceeding, pursuant to Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) and the nine subsequent executive orders that extended the toll, Executive Order (A. Cuomo) Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, 202.72 [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67, 8.202.72]), which were in effect at the time of the aforementioned expiration.

98. Defendants have employed Richiez as a super at 1027 Walton Avenue, Bronx, New York since 1993.

99. More than 25% of Richiez's job responsibilities at Tryax have included, and continue to include physical labor, including, without limitation, taking apart, lifting and removing old furniture from tenants' apartments, removing the doors off of their hinges in order to take out old furniture from apartments and then putting the doors back on their hinges, demolishing walls, removing debris, cleaning apartments, building new walls with sheetrock and plaster, sanding and painting the walls, demolishing bathroom ceilings and installing new bathroom ceilings, sweeping and mopping the floors in the building, sweeping in front of the building, cleaning the laundry room, roof and the yard behind the building and organizing and taking the garbage out.

100. At all relevant times, Richiez was and is a manual worker under the NYLL.

101. At all relevant times, Defendants have paid Richiez and other similarly situated individuals every other week, rather than weekly.

102. Thus, for half of each biweekly pay period, Richiez and other similarly situated individuals have been injured in that they have been temporarily deprived of money owed to them, which they could not invest, earn interest on, or otherwise use, despite the fact that these monies were rightfully theirs.

103. Accordingly, every day that said money was not paid to Plaintiffs in a timely fashion, Plaintiffs lost the time value and use of said money.

## COLLECTIVE ALLEGATIONS

104. The Named Plaintiff brings this action against Defendants as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated current and former non-exempt employees who have worked, and/or continue to

work, for Defendants at any time during the three years prior to the filing of this action through the entry of judgment in this action ("the FLSA Collective").

105. At all relevant times, the Named Plaintiff and the FLSA Collective have been similarly situated, have been governed by similar pay practices and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a failure to promptly pay them.

106. Defendants are liable under the FLSA for failing to promptly pay the Named Plaintiff on a weekly basis, and as such, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

107. The FLSA Collective consists of numerous similarly situated current and former employees of Defendants who were subject to the conduct complained of herein and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the action. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

108. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

109. The Named Plaintiff brings this action on behalf of himself and a class consisting of all similarly situated persons working for Defendants as building supers, porters, maintenance staff and/or in other positions in which 25% or more of their work involved and/or involves physical labor, including, without limitation, maintaining the upkeep of Defendants' residential buildings, including building maintenance, physical work in tenants' apartments, cleaning, sweeping, mopping common areas, handling garbage and recycling collection, and other non-managerial maintenance-related work, between

March 29, 2018 and the filing of this complaint (the "Putative Class").

110. The Putative Class is so numerous that joinder of all members is impracticable.

111. The precise size of the Putative Class is unknown to Plaintiffs. The facts on which the calculation of that number can be based are presently within the sole control of Defendants. In addition, the names of all potential members of the Putative Class are not known.

112. Upon information and belief, the size of the Putative Class is in excess of forty (40) individuals.

113. Defendants failed to pay building supers, porters, maintenance staff and other employees whose work involves 25% or more of physical labor on a weekly basis.

114. New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner. *See* NYLL §191.

115. Defendants have received no such authorization from the New York State Department of Labor Commissioner.

116. Defendants violated NYLL §191 by paying Richiez and other similarly situated individuals every other week rather than on a weekly basis.

117. The questions of law and fact common to the Putative Class predominate over any questions affecting only individual members.

118. The claim of the Named Plaintiff is typical of the claims of the Putative Class. Such claims include whether Defendants failed to provide Plaintiffs with the prompt and timely payment of wages under the NYLL.

119. Named Plaintiff and their counsel will fairly and adequately protect the interests

of the Putative Class.

120. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Failure to Pay Timely Wages**

121. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

122. Named Plaintiff has consented to be a party to this action pursuant to 29 U.S.C. § 216(b).

123. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this complaint.

124. The payment provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and related federal regulations, apply to Defendants as employers and Plaintiffs as employees.

125. Defendants' failure to pay Plaintiffs on a weekly basis, as required by NYLL §191, violates the FLSA's prompt payment requirement.

126. Defendants' violations of the FLSA were willful, knowing, and repeated.

127. Because of the Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

128. As employers, the Individual Defendants are personally liable for violations of the FLSA.

129. As a result of the unlawful acts by the Defendants, Plaintiffs are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, as well as attorney's fees and costs, as provided for by 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages

130. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

131. The timely payment provisions set forth in Article 6 of the NYLL and related regulations apply to Defendants as employers and Plaintiffs as employees.

132. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiffs.

133. Defendants failed to pay Plaintiffs, as manual workers, on a weekly basis as required by NYLL § 191(1)(a).

134. As employers, the Individual Defendants are personally liable for the violations of the NYLL.

135. As a result of the unlawful acts by the Defendants, Plaintiffs are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, attorney's fees and costs, as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment against Defendants, as follows:

(1) Certification of this action as a collective pursuant to 29 U.S.C. § 216(b);

(2) That, at the earliest possible time, Named Plaintiff be allowed to give notice to this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, employed by Defendants as non-exempt employees. Such notice shall inform them that this civil action has been filed, of the nature of the

action, and of their right to join this lawsuit if they believe they were denied the prompt payment of wages;

(3) Certification of this action as a class action pursuant to F.R.C.P. Rule 23 on behalf of the members of the Putative Class and appointing the Named Plaintiff and his counsel to represent the Putative Class;

(4) Designation of the Named Plaintiff as representative of the Putative Class, and counsel of record as Class Counsel;

(5) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

(6) An award of monetary damages to Plaintiffs in the amount of their untimely paid wages as liquidated damages;

(7) An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in the unlawful practices, policies and patterns set forth herein;

(8) For an order awarding Plaintiffs reasonable attorneys' fees, expenses, and costs of suit; and

(9) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 12, 2024

                          Respectfully submitted,

                          ARENSON, DITTMAR & KARBAN

                          s/ Steven Arenson
                          By: Steven Arenson
                          420 Lexington Avenue
                          Suite 1402
                          New York, N Y 10170
                          Tel:  (212) 490-3600
                          Fax:(212) 986-1952
                          Email: steve@adklawfirm.com
                          *Attorneys for Plaintiffs*